COURT OF APPEALS
DECISION
DATED AND FILED

December 11, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1126**

**STATE OF WISCONSIN**

Cir. Ct. No. **2016CV417**

**IN COURT OF APPEALS
DISTRICT II**

WILLIAM SESING CONSTRUCTION, INC.,

    PLAINTIFF-APPELLANT,

  V.

AMERICAN BANK,

    DEFENDANT-RESPONDENT.

      APPEAL from a judgment of the circuit court for Fond du Lac County: PETER L. GRIMM, Judge. *Affirmed*.

      Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

      **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. William Sesing Construction, Inc., (Sesing)[1] appeals from a judgment dismissing its breach of contract and negligence claims brought against American Bank after Sesing's bookkeeper embezzled funds from Sesing's business checking account held by American Bank.  Sesing argues that the circuit court erred in granting summary judgment insofar as it applied the Uniform Fiduciaries Act (UFA), WIS. STAT. § 112.01 (2017-18),[2] to Sesing's negligence claim, and by concluding that even without applying the UFA's stricter standard, Sesing failed to set forth any materially disputed fact that would entitle it to relief.  For the reasons that follow, we affirm.

## BACKGROUND

¶2    Sesing had two business accounts at American Bank.  The first was a checking account.  Checks drawn on that account had to be signed by William, Joyce Sesing (William's wife), or Patrick Sesing (his brother). Denise Heffner joined Sesing in September of 2003.  Over time, she assumed all bookkeeping duties, and in 2005, she was granted informational access to the checking account.  Heffner was also responsible for making payments to company vendors and suppliers and for running payroll.  William, Joyce, and Patrick were in the practice of pre-signing blank checks with the understanding that Heffner would later complete and distribute them. Heffner was allowed to print checks and did not provide account reconciliations.  In short, Heffner handled the entire bookkeeping processes for Sesing, with minimal to no oversight from Joyce or William.

---

[1] We refer to Sesing Construction, the business, as "Sesing," and to William J. Sesing, the president of the business, by his first name.

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶3      The second Sesing business account held at American Bank was a money market account opened by William in 2010.  He funded it with an initial deposit of $140,000 from the checking account.  William and Joyce were the only authorized signers.  Standard bank practices allowed funds to be transferred between the two accounts, and there was a policy for transfers by phone. When Sesing's checking account was close to overdrawn, American Bank President Jim Chatterton or bank employee Gloria Stenz would call Sesing's office and speak to Joyce or William about authorizing a transfer from the money market account to prevent an overdraft.  Sesing could also initiate telephone transfers.  According to American Bank's policy, if a customer called in with a request to transfer funds, the bank employee recorded the name and account number and verified the caller's identity by asking account-specific questions.

¶4      In 2013, Sesing discovered that Heffner was embezzling funds from the checking account in at least two ways:  (1) by writing blank checks signed by authorized signatories payable to herself, her family, or her creditors; and (2) by using her knowledge of the checking account information to initiate preauthorized withdrawals for the benefit of her creditors.  Heffner was convicted of theft, sentenced to seven years in prison, and ordered to pay restitution.

¶5      Sesing filed suit against American Bank seeking to recoup "approximately $229,700 in funds" transferred from the money market into the checking account by Heffner, who was not eligible to authorize the transfers. According to Sesing, there were about twenty-two times that Heffner authorized a transfer from the money market to the checking account, and American Bank "failed to follow proper security protocol or ask any identifiable questions when transferring the funds."  Sesing alleged breach of contract and negligence.

¶6      American Bank filed an answer and affirmative defenses and then moved for summary judgment. As to the negligence claim, American Bank averred that Heffner acted in a fiduciary capacity for Sesing, and Sesing failed to show any evidence of bad faith as required by the UFA. *See Koss Corp. v. Park Bank*, 2019 WI 7, 385 Wis. 2d 261, 922 N.W.2d 20 (discussing application of "bad faith" under the UFA). With regard to breach of contract, American Bank argued that the undisputed facts failed to "establish a breach of the Sesing depository agreement" or "the causation of any damages," given that the transferred funds were not removed from Sesing's control.

¶7      The circuit court granted summary judgment in favor of American Bank. With regard to the negligence claim, it concluded that Heffner was a fiduciary under WIS. STAT. § 112.01(1)(b), and that there were no facts showing the requisite "high degree of a deliberate failure to investigate suspicious circumstances" by the bank. The court went on to conclude that even if the UFA did not apply, summary judgment was warranted because Sesing had failed to show "proof of causation." The circuit court also granted summary judgment on the breach-of-contract claim based on the "terms and conditions" of the parties' account agreement. Sesing appeals.

## DISCUSSION

¶8      We review summary judgment decisions de novo, applying the same methodology as the circuit court. *Palisades Collection LLC v. Kalal*, 2010 WI App 38, ¶9, 324 Wis. 2d 180, 781 N.W.2d 503. Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter

of law." WIS. STAT. § 802.08(2).  Whether Heffner was a fiduciary under WIS. STAT. § 112.01(1)(b) is a question of statutory interpretation and application which we review without deference to the circuit court.  ***O'Connell v. O'Connell***, 2005 WI App 51, ¶6, 279 Wis. 2d 406, 694 N.W.2d 429.

¶9      We quickly dispose of Sesing's breach-of-contract claim, which appears to be that American Bank failed to abide by the terms of its depository agreement by allowing Heffner, an unauthorized person, to transfer funds from the money market into the checking account.[3]   To the contrary, the undisputed facts show that American Bank followed the agreement's procedures by permitting account transfers only after the requesting party provided identity and account information.  There is no suggestion in the record that American Bank employees knew that Heffner was impersonating Joyce Sesing.  American Bank maintained records of such transfers for one year.  Gloria Stenz could not recall any instance where a bank employee violated American Bank's transfer policy.

¶10     Turning to Sesing's negligence claim, the parties disagree about the applicable standard.  American Bank asserts that the UFA "bars bank customers from suing their banks in negligence" and instead predicates liability on a bad faith standard. According to American Bank, the stricter showing applies here because Heffner fits the statutory definition of a "fiduciary" under WIS. STAT. § 112.01(1)(b).  Sesing disagrees, arguing that Heffner was not authorized to take

---

[3] Sesing neglects to address this claim in its opening brief.  Because the breach-of-contract claim was decided in the circuit court and argued in American Bank's respondent's brief, we will briefly discuss and reject it.  Further, Sesing's two claims overlap in that both require a prima facie showing that American Bank's breach caused Sesing to suffer an actual loss.  We will discuss Sesing's failure to show causation when we address its negligence claim.

5

any action on the money market account and "[b]y definition, she was not a fiduciary … [or] an officer on that account[.]"

¶11     It is unnecessary for this court to determine the UFA's applicability to the instant case because we conclude that American Bank is entitled to summary judgment even if Heffner is not a fiduciary. That is, even if the UFA does not apply, Sesing's negligence claim still fails.

¶12     The elements of a negligence claim are (1) a duty of care on the part of American Bank, (2) a breach of that duty, (3) a causal connection between American Bank's breach and Sesing's injury, and (4) an actual loss or damage as a result of the injury. *See **Lambrecht v. Estate of Kaczmarczyk***, 241 Wis. 2d 804, 817, 623 N.W.2d 751 (2001). Sesing fails to set forth any evidence that American Bank breached a duty of care in permitting the transfers from the money market to the checking account. As for duty, American Bank acted in accordance with its depository agreement, and there is nothing in the record to indicate it knew or should have known that Heffner was impersonating Joyce. It is undisputed that American Bank provided Sesing with printed monthly bank statements for both the money market and the checking accounts. Sesing never alerted the bank to any irregularity and cannot identify any suspicious activity that should have come to the bank's attention. In March 2013, after William alerted American Bank to Heffner's possible embezzlement, the bank cooperated with all investigations.

¶13     Similarly, Sesing has not shown that the transfer of funds from one Sesing account into another was the proximate cause of Sesing's loss. Heffner did not write checks or directly withdraw funds from the money market account. Upon transfer into the checking account, the funds remained in Sesing's control. Heffner's embezzlement occurred vis a vis the checking account.

¶14 Finally, Heffner engaged in an intentional scheme to steal from Sesing. She was able to manipulate the books and conceal her theft. If "account information" was requested, Heffner showed William and Joyce information on her computer without reference to the underlying bank statements. Sesing never requested a reconciliation, review, or audit by anyone, including Sesing's outside accountant. Heffner's criminal actions were the true cause of Sesing's losses and her actions sever American Bank's connection to any alleged damages.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.